IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COLUMBIA NATIONAL INSURANCE )
COMPANY, )
 )
       Plaintiff, )
 )
  v. ) No. 13 C 5526
 )
O.M.J.C. SIGNAL, INC., et al., )
 )
       Defendants. )

## MEMORANDUM ORDER

Columbia National Insurance Company ("Columbia") has just filed its Complaint for Declaratory Judgment against O.M.J.C. Signal, Inc. ("O.M.J.C.") and Heidbreder Building Group, LLC ("Heidbreder"), seeking to ground federal jurisdiction in diversity of citizenship terms. Because that effort is impermissibly flawed, so that Columbia has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to Columbia (Complaint ¶1) and O.M.J.C. (Complaint ¶2), each corporation's citizenship has been properly alleged in conformity with 28 U.S.C. §1332(c)(1). But most significantly in terms of federal jurisdiction,[1] all that Complaint ¶3 says as to

---

[1] Complaint ¶6 alleges in part:

codefendant Heidbreder is this:

> 3. Defendant Heidbreder Building Group, LLC ("Heidbreder") is an Illinois Limited Liability Corporation with its principal place of business in Vernon Hills, Illinois.

As that language reflects, Columbia's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore over 15 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after a decade and a half's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Columbia's Complaint but this action

---

Jurisdiction also lies pursuant to 28 USC Section 2201. But it is black-letter law that the Declaratory Judgment Act is not a fount of federal jurisdiction.

are dismissed (cf. <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998)), with Columbia's counsel obligated to pay a fine of $400 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Columbia's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                          */s/ Milton I. Shadur*
                                      _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: August 21, 2013

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here were to turn out to be curable. As to the identity of the paying party, it would seem difficult to justify the client's having to bear the cost of a legal error committed by counsel in a area about which a nonlawyer would have no reason to be informed.